IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TAMARREO WILLIAMSON                                                              PLAINTIFF


                    v.                        Civil No. 4:14-cv-04090


ARKANSAS BOARD OF PAROLE;
JOE WESTFALL; and
SHERIFF JAMES SINGLETON                                                          DEFENDANTS


## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Tamarreo Williamson filed this case *pro se* pursuant to 42 U.S.C. § 1983 on July 16, 2014.  ECF No. 1.  Now before the Court is Plaintiff's failure to comply with the Court's orders and prosecute this matter.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  After careful consideration, the undersigned makes the following Report and Recommendation.

## I.      BACKGROUND

At the time Plaintiff filed his Complaint, July 16, 2014, he was incarcerated in the Hempstead County Jail ("HCJ") in Hope, Arkansas.  Because Plaintiff's original Complaint was unsigned, I issued an Order on July 16, 2014 directing Plaintiff to sign and date his Complaint and return it for filing no later than August 6, 2014.  ECF No. 3.  This Order was sent to Plaintiff's address of record at the HCJ.  On July 28, 2014, the Court received the July 16, 2014 Order

1

returned as undeliverable and marked "Not at this facility." On September 10, 2014, upon its own research the Court located and changed Plaintiff's address to the address he provided the HCJ at booking. On the same day, I entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the July 16, 2014 Court Order by October 1, 2014. ECF No. 5. This Order to Show Cause was sent to Plaintiff's new address of record. Plaintiff did not respond to this Order to Show Cause and the Order was returned as undeliverable mail.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th

Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.    DISCUSSION

Plaintiff failed to comply with two Court Orders—the Court's July 16, 2014 Order directing he return a signed copy of his Complaint and the September 10, 2014 Order to Show Cause.  Further, Plaintiff failed to keep the Court informed of his current address.  Additionally, Plaintiff has not communicated with the Court since originally filing his Complaint in July 2014.

While the Plaintiff has failed to respond to two Court Orders and failed to keep the Court apprised of his current mailing address, the record here does not indicate a clear record of delay or contumacious conduct by the plaintiff.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders.  *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders.

**The parties have fourteen days from receipt of the Report and Recommendation in**

which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 6th day of October 2014.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED  STATES  MAGISTRATE  JUDGE